**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities,

*Plaintiff*

v.

THE UNITED STATES, THE HARVARD CORPORATION, HARVARD UNIVERSITY, PRESIDENT AND FELLOWS OF HARVARD UNIVERSITY, HARVARD UNDERGRADUATE ADMISSIONS COMMITTEE, HARVARD LAW SCHOOL, and HARVARD LAW SCHOOL ADMISSIONS COMMITTEE,

*Defendants*

No. _____

**PRO SE PLAINTIFF'S COMPLAINT**

**JURY TRIAL DEMANDED**

Dated: January 21, 2024

RECEIVED IN CLERK'S OFFICE
DATE 1/23/2024
FILED IN CLERKS OFFICE

**JURISDICTION**

1. All defendants are subject to general jurisdiction within this Federal district court.

2. Plaintiff Raj K. Patel is an out-of-state citizen and claims an injury over $75,000.00. § 1332.

3. The laws of the common law, the Federal common law, other United States laws, Indiana, Massachusetts, Georgia, California, and Delaware shall govern. § 1367.

4. There is federal question jurisdiction. § 1331.

5. The United States is a defendant. § 1346.

6. Title VI prohibits discrimination based on "race, color, or national origin …under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. https://www.justice.gov/crt/fcs/T6Manual1.

**VENUE**

1

7. This district court is proper because it has jurisdiction over the laws of contracts, torts, federal privacy laws, and personal property.

**PARTIES**

8. Plaintiff Raj K. Patel

   a. Patel is a natural-born United States citizen.[1]

   b. Patel plans on running for the United States Presidency.

   c. Patel's national origin is from a country in Asia.[2]

      i. Patel is a Oversee Citizen of India ("OCI") card holder.

   d. On the Common Application, Patel properly indicates "Asian," "South Asian," or "East Indian" for race and national origin requested demographic information.

   e. Patel is brown/tan-brown skinned.

9. Defendant The United States

   a. The United States is the dominate governmental sovereign in which all the other defendants are subjects as instrumentalities, agencies, or agents. See also 42 U.S.C. §§ 2000bb et seq.

10. All Other Defendants

   a. They are subject to general jurisdiction herein.

   b. Plaintiff Patel submitted an undergraduate application to them in the Fall 2009 semester for admissions in Fall 2010 for the Harvard undergraduate class of 2014.

---

[1] See also Privileges or Immunities Cl., U.S. const. amend. XIV, § 1, cl. 2.
[2] Id.

    c.  Plaintiff Patel submitted a law school application to them in the Fall 2014 semester for admissions in Fall 2015 for the Harvard Law School class of 2018.

## STATEMENT OF FACTS AND CLAIMS

11. All claims are against each defendant together and individually in all permutations.

12. On June 29, 2023, the United States Supreme Court held that named defendants discriminated against Asian-American applicants, a group which Plaintiff Patel is a part of for undergraduate and law school admissions.  <u>Students for Fair Admissions v. Harvard</u>, 600 U.S. 181, No. 20-1199 (2023).  42 U.S.C. §§ 1981 <u>et seq</u>.

13. Patel would have been admitted to Harvard University save the discrimination.

14. All facts and claims are to be interpreted under all applicable laws and those mentioned *infra*, as favorable to plaintiff to the fullest extent allowable by law.

15. Parasitic damages attach to all claims too. 27 Harv. L. Rev. 87.

16. Defendant-The United States should be liable as principal.  Rest. (3d) Agency § 7.03.

**<u>Intentional Discrimination # 1</u>**

17. In Fall 2009 or Spring 2010, becoming known in 2023, Defendant discriminated against Plaintiff based on "race, color, or national origin" for an undergraduate degree. 42 U.S.C. § 2000d.  <u>https://www.justice.gov/crt/fcs/T6Manual1</u>.

18. Wherefore plaintiff demands judgment against defendant in the sum of $140,000,000 (one hundred forty million dollars) and costs plus punitive damages of $10,000,000.00 and plus emotional distress of $100,000,000.00.

**<u>Intentional Discrimination # 2</u>**

19. Plaintiff incorporates the paragraphs above.

20. In Fall 2014 or Spring 2015, becoming known in 2023, Defendant discriminated against Plaintiff based on "race, color, or national origin" for an juris doctor/law degree. 42 U.S.C. § 2000d.  https://www.justice.gov/crt/fcs/T6Manual1.

21. Wherefore plaintiff demands judgment against defendant in the sum of $140,000,000 (one hundred forty million dollars) and costs plus punitive damages of $10,000,000.00 and plus emotional distress of $100,000,000.00.

**Intentional Discrimination # 3**

22. Plaintiff incorporates the paragraphs above.

23. Intentional discrimination #1 & #2 combined.

24. Wherefore plaintiff demands judgment against defendant in the sum of $280,000,000 (two hundred eighty million dollars) and costs plus punitive damages of $10,000,000.00 and plus emotional distress of $100,000,000.00.

**Breach of Contract # 1**

25. Plaintiff incorporates the paragraphs above.

26. On or about Fall 2009 to Spring 2010, plaintiff and defendant entered into agreement by which defendant promised plaintiff a fair and equal evaluation of his undergraduate admissions application for a bachelors degree.

27. Defendant breached the agreement by discriminating against plaintiff by the said conduct found by the Supreme Court in 2023.

28. Breach of Implied Covenant of Good Faith and Fair Dealing: Defendant's breach caused Patel to lose his governmental contract. See Patel v. United States, No. 1:22-cv-1446-LAS (C.F.C. 2022) (Tucker Act v. Presidential constitutional promise making powers).

29. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000.00 dollars plus $10 billion for consequential damages, interest and costs.

**Breach of Contract #2**

30. Plaintiff incorporates the paragraphs above.

31. On or about Fall 2014 to Spring 2015, plaintiff and defendant entered into agreement by which defendant promised plaintiff a fair and equal evaluation of his law school admissions application for a juris doctor degree.

32. Defendant breached the agreement by discriminating against plaintiff by the said conduct found by the Supreme Court in 2023.

33. Breach of Implied Covenant of Good Faith and Fair Dealing: Defendant's breach caused Patel to lose his governmental contract. See Patel v. United States, No. 1:22-cv-1446-LAS (C.F.C. 2022) (Tucker Act v. Presidential constitutional promise making powers).

34. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000.00 dollars plus $10 billion for consequential damages, interest and costs.

**Breach of Contract #3**

35. Plaintiff incorporates the paragraphs above.

36. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000.00 dollars plus $10 billion for consequential damages, interest and costs.

**Fraud #1**

37. On or about 2009, defendant and plaintiff were negotiating concerning the purchase by plaintiff from defendants of the following: undergraduate admissions/degree from Harvard College, for the class 2014.

38. At that time defendant represented to plaintiff that defendant would evaluate the undergraduate admissions applications according to law without unlawful or invalid discrimination standards against plaintiff.

39. The representations made by the defendant were false and defendant knew that they were false, and defendant, without knowledge of the true facts, recklessly misrepresented them and were made with the intention that plaintiff should rely upon them.

40. Plaintiff believed the representations and in reliance upon them submit the common application for a degree from Harvard University.

41. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs plus punitive damages of $10,000,000.00.

**Fraud #2**

42. On or about Fall 2014, defendant and plaintiff were negotiating concerning the purchase by plaintiff from defendants of the following: law school admissions/degree from Harvard Law School, for the class 2018.

43. At that time defendant represented to plaintiff that defendant would evaluate the law school admissions applications according to law without unlawful or invalid discrimination standards against plaintiff.

44. The representations made by the defendant were false and defendant knew that they were false, and defendant, without knowledge of the true facts, recklessly misrepresented them and were made with the intention that plaintiff should rely upon them.

45. Plaintiff believed the representations and in reliance upon them submit the LSAC application for a degree from Harvard University.

46. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs plus punitive damages of $10,000,000.00.

**Trespass to Conversion**

47. On or about Fall 2009, the defendants committed a trespass to conversion the plaintiff's Harvard undergraduate admissions application.

48. Wherefore plaintiff demands judgment against defendants in the sum of $40,000,000 (forty million dollars) and costs.

**Trespass to Conversion**

49. On or about Fall 2014, the defendants committed a trespass to conversion the plaintiff's Harvard law school admissions application.

50. Wherefore plaintiff demands judgment against defendants in the sum of $40,000,000 (forty million dollars) and costs.

**Invasion of Privacy by Unreasonable Intrusion – Indiana**[3]

51. Plaintiff incorporates the paragraphs above.

52. Each of the Defendant's conduct made Patel feel othered and helpless and was detrimental to his emotional privacy or solace, especially by the lingering memory of the defendant's acts and serves as a burden to plaintiff's own existence.[4]

---

[3] Carson v. Palombo, 18 N.E.3d 1036, 1048 (Ind. Ct. App. 2014) (invasion of privacy seclusion false light when referred to by different terms). Cf. Ledbetter v. Ross, 725 N.E.2d 120, 122 (Ind. Ct. App. 2000) (citing Creel v. I.C.E. & Assoc., Inc., 771 N.E.2d 1276, 1280 (Ind. Ct. App. 2002)). Henry v. Cmty. Healthcare Sys. Cmty. Hosp., 184 N.E.3d 645, 652 (Ind. Ct. App. 2022) (invasion of privacy by emotional solace is recognizable). Moffett v. Gene B. Glick Co., Inc., 604 F.Supp. 229, 235-36 (N.D.I.N. 1984) (discriminatory racial comments, derogatory remarks are sufficient for invasion of privacy; racism causing breach of contract and fraud is also invasion of privacy).

[4] Branham v. Celadon Trucking Servs., Inc., 744 N.E.2d 514, 524 (Ind. Ct. App. 2001).

53. As a proximate consequence of the defendant's said intentional act, the plaintiff was caused to suffer the following injuries and damages:

    a. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

54. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs, and $10,000,000.00 (ten million dollars) in punitive damages.

**Invasion of Privacy by Unreasonable Intrusion – Georgia[5]**

55. Plaintiff incorporates the paragraphs above.

56. Defendant's said conduct/conducts lingers permanent on his application history and each time he hears the word "Harvard" and disparages his emotional solace with this lingering memory of said defendant's acts and serves as a substantial burden to plaintiff's existence.[6]

57. As a proximate consequence of the defendant's said intentional act/acts, the plaintiff was caused to suffer the following injuries and damages:

    a. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

58. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs, and $10,000,000.00 (ten million dollars) in punitive damages.

**Invasion of Privacy by Unreasonable Intrusion – Delaware**

---

[5] Udoinyion v. Re/Max of Atlanta, 657 S.E.2d 644, 648 (Ga. Ct. App. 2008). Anderson v. Mergenhagen, 642 S.E.2d 105, 109 (Ga. Ct. App. 2007) (trespass possible to hotel rooms). Restatement (Second) of Torts § 652B (1977).

[6] Benedict v. St. Farm Bank, FSB, 709 S.E.2d 314, 318 (Ga. Ct. App. 2011) ("substantial burden to his existence.").

59. Plaintiff incorporates the paragraphs above.

60. As a proximate consequence of the defendant's said intentional act, the plaintiff was caused to suffer the following injuries and damages:[7]

    a.  Mental pain and suffering

    b.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

61. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs, and $10,000,000.00 (ten million dollars) in punitive damages.

**Intentional Infliction of Emotional Distress**

62. Plaintiff incorporates the paragraphs above.

63. On or about Fall 2009 or Spring 2010, becoming known in 2023, defendant committed intentional inflicted emotional distress on the plaintiff.

    a.  The extreme and outrageous conduct[8] was discriminating against Patel under racial lines, even though Ordered Liberty is applied under the highest law of Privilege/social status as "The Excellent," the highest constitutional state status of the Basis of the United States.

    b.  The by extreme and outrageous conduct was said by not owning up its own intentional discrimination.

64. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

---

[7] State v. Holden, 54 A.3d 1123, 1128-29 (Del. Super. Ct. 2010) (Expectations Damages).

[8] Spence v. Cherian, 135 A.3d 1282, 1289 (Del. Super. Ct. 2016) (Extreme and outrageous conduct is that which "exceeds the bounds of decency and is regarded as intolerable in a civilized community.").

**Intentional Infliction of Emotional Distress**

65. Plaintiff incorporates the paragraphs above.

66. On or about Fall 2014 or Spring 2015, becoming known in 2023, defendant committed intentional inflicted emotional distress on the plaintiff.

    a.  The extreme and outrageous conduct[9] was discriminating against Patel under racial lines, even though Ordered Liberty is applied under the highest law of Privilege/social status as "The Excellent, The Excellent," two of the highest constitutional state status of the Basis of the United States.

    b.  The by extreme and outrageous conduct was said by not owning up its own intentional discrimination.

67. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Negligent Infliction of Emotional Distress – Indiana**

68. Plaintiff incorporates the paragraphs above.

69. On or about Fall 2009 and Spring 2010, becoming known in 2023, defendant's said negligence or wantonness or recklessness had an impact on plaintiff.

70. As a consequence of the defendant's said negligence or wantonness or recklessness, the plaintiff was caused to suffer emotional trauma: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

---

[9] <u>Spence v. Cherian</u>, 135 A.3d 1282, 1289 (Del. Super. Ct. 2016) (Extreme and outrageous conduct is that which "exceeds the bounds of decency and is regarded as intolerable in a civilized community.").

71. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.[10]

**Negligent Infliction of Emotional Distress – Georgia**

72. Plaintiff incorporates the paragraphs above.

73. On or about Fall 2009 and Spring 2010, becoming known in 2023, defendant's said negligence or wantonness or recklessness had an impact on plaintiff.

74. Defendant's said negligence was malicious, wilful, or wanton, and was directed toward the plaintiff.

75. As a consequence of the defendant's said negligence or wantonness or recklessness, the plaintiff was caused to suffer emotional distress.[11]

76. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Negligent Infliction of Emotional Distress – Delaware**

77. Plaintiff incorporates the paragraphs above.

78. On or about Fall 2009 and Spring 2010, becoming known in 2023, defendant's said negligence or wantonness or recklessness caused plaintiff fright.

79. Plaintiff was in the zone of danger when he was applying for undergraduate admissions, a competitive, international process.

80. As a consequence of the defendant's said negligence or wantonness or recklessness that resulted in contemporaneous shock, the plaintiff was caused to suffer emotional distress

---

[10] Ketchmark v. N. Ind. Pub. Serv. Co., 818 N.E.2d 522, 523 (Ind. Ct. App. 2004).

[11] Hill v. Ford Motor Co., 975 F. Supp. 2d 1351, 1361 (N.D. Ga. 2013) (citing Ryckeley v. Callaway, 412 S.E.2d 826, 826 (Ga. 1992)).

by the production of panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.[12]

81. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Negligent Infliction of Emotional Distress – Indiana**

82. Plaintiff incorporates the paragraphs above.

83. On or about Fall 2014 and Spring 2015, becoming known in 2023, defendant's said negligence or wantonness or recklessness had an impact on plaintiff.

84. As a consequence of the defendant's said negligence or wantonness or recklessness, the plaintiff was caused to suffer emotional trauma: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

85. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.[13]

**Negligent Infliction of Emotional Distress – Georgia**

86. Plaintiff incorporates the paragraphs above.

87. On or about Fall 2014 and Spring 2015, becoming known in 2023, defendant's said negligence or wantonness or recklessness had an impact on plaintiff.

88. Defendant's said negligence was malicious, wilful, or wanton, and was directed toward the plaintiff.

---

[12] Fanean v. Rite Aid Corp. of Del., Inc., 984 A.2d 812, 820-21 (Del. Super. Ct. 2009) (depression and anxiety constitute physical injury; plaintiff in zone of danger when disclosure to third party). Elsey-Jones v. Gullion, 2018 WL 2727574 * 4 nn. 30 & 45 (Del. Super. Ct. June 5, 2018) (To prove NIED, a plaintiff must show: "(1) negligence causing fright to someone; (2) in the zone of danger; (3) producing physical consequences to that person as a result of the contemporaneous shock.") (zone of danger; expert witness not required).

[13] Ketchmark v. N. Ind. Pub. Serv. Co., 818 N.E.2d 522, 523 (Ind. Ct. App. 2004).

89. As a consequence of the defendant's said negligence or wantonness or recklessness, the plaintiff was caused to suffer emotional distress.[14]

90. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Negligent Infliction of Emotional Distress – Delaware**

91. Plaintiff incorporates the paragraphs above.

92. On or about Fall 2014 and Spring 2015, becoming known in 2023, defendant's said negligence or wantonness or recklessness caused plaintiff fright.

93. Plaintiff was in the zone of danger when he was applying for law school admissions, a competitive, international process.

94. As a consequence of the defendant's said negligence or wantonness or recklessness that resulted in contemporaneous shock, the plaintiff was caused to suffer emotional distress by the production of panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.[15]

95. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**The Law Merchant # 1**

96. Plaintiff incorporates the paragraphs above.

---

[14] Hill v. Ford Motor Co., 975 F. Supp. 2d 1351, 1361 (N.D. Ga. 2013) (citing Ryckeley v. Callaway, 412 S.E.2d 826, 826 (Ga. 1992)).

[15] Fanean v. Rite Aid Corp. of Del., Inc., 984 A.2d 812, 820-21 (Del. Super. Ct. 2009) (depression and anxiety constitute physical injury; plaintiff in zone of danger when disclosure to third party). Elsey-Jones v. Gullion, 2018 WL 2727574 * 4 nn. 30 & 45 (Del. Super. Ct. June 5, 2018) (To prove NIED, a plaintiff must show: "(1) negligence causing fright to someone; (2) in the zone of danger; (3) producing physical consequences to that person as a result of the contemporaneous shock.") (zone of danger; expert witness not required).

97. In or about Fall 2009 or Spring 2010, defendant merchant said to plaintiff that it would adhere to contemporaneous business guidelines and serve all without racist innuendos/slurs, assault, battery, humiliation, emotional distress, or other uncivilized and unconstitutional conduct.

98. Merchant here did not keep its word with willful indifference or use the level of ordinary care a prudent person would use or unreasonably in a situation where a name was not signed but rather another, improper word.

99. As a proximate consequence of the defendant's said behavior, the plaintiff was caused to suffer the following injuries and damages:

    a.  Compensatory Damages

    b.  Incidental Damages

    c.  Mental pain and suffering

    d.  Oppressive damages

    e.  Humiliation

    f.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

100.    Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**The Law Merchant # 2**

101.    Plaintiff incorporates the paragraphs above.

102.    In or about Fall 2014 or Spring 2015, defendant merchant said to plaintiff that it would adhere to contemporaneous business guidelines and serve all without racist

innuendos/slurs, assault, battery, humiliation, emotional distress, or other uncivilized and unconstitutional conduct.

103.     Merchant here did not keep its word with willful indifference or use the level of ordinary care a prudent person would use or unreasonably in a situation where a name was not signed but rather another, improper word.

104.     As a proximate consequence of the defendant's said behavior, the plaintiff was caused to suffer the following injuries and damages:

    a.  Compensatory Damages

    b.  Incidental Damages

    c.  Mental pain and suffering

    d.  Oppressive damages

    e.  Humiliation

    f.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

105.     Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**<u>Intentional Discrimination – the Law Merchant #1</u>**

106.     Plaintiff incorporates the paragraphs above.

107.     As a proximate consequence of the defendant's said act in 2009 and 2010, becoming known in 2023, the plaintiff was caused to suffer the following injuries and damages:

    a.  Compensatory Damages

    b.  Incidental Damages

   c. Mental pain and suffering

   d. Oppressive damages

   e. Humiliation

   f. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

108.   Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**<u>Intentional Discrimination – the Law Merchant #2</u>**

109.   Plaintiff incorporates the paragraphs above.

110.   As a proximate consequence of the defendant's said act in 2014 and 2015, becoming known in 2023, the plaintiff was caused to suffer the following injuries and damages:

   a. Compensatory Damages

   b. Incidental Damages

   c. Mental pain and suffering

   d. Oppressive damages

   e. Humiliation

   f. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

111.   Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**<u>Strict Liability – The Law Merchant</u>**

112.   Plaintiff incorporates the paragraphs above.

113.    The law merchant is a public health/utility law.

114.    Undergraduate admissions or law school admissions is an abnormally dangerous activity or in a zone of danger.

115.    Functioning and operating a business and merchant is an abnormally dangerous activity because business is about control, and why it businesses hold shopkeeper's privileges delegated from the state.

116.    Plaintiff incorporates the paragraphs above.

117.    As a consequence of the defendant's said behavior, the plaintiff was caused to suffer the following injuries and damages:

   a.  Compensatory Damages

   b.  Incidental Damages

   c.  Mental pain and suffering

   d.  Oppressive damages

   e.  Humiliation

   f.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

118.    Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Failure to Protect #1**

119.    For the undergraduate application cycle of 2009-2010, the defendant United States, as principal and alter ego, failed to protect Plaintiff Patel for its agent's/agents'/instrumentality's/instrumentalities' or other defendants' action/actions.

120.    Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Failure to Protect #2**

121.    For the undergraduate application cycle of 2014-2015, the defendant United States, as principal and alter ego, failed to protect Plaintiff Patel for its agent's/agents'/instrumentality's/instrumentalities' or other defendants' action/actions.

122.    Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Abuse of Process #1**

123.    In Fall 2009 and Spring 2010, the defendant committed an abuse of process on the plaintiff by needing his undergraduate application to improve its rankings and information on the Indian-American community.

124.    Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Abuse of Process #2**

125.    In Fall 2014 and Spring 2015, the defendant committed an abuse of process on the plaintiff by needing his law school application to improve its rankings and information on the Indian-American community.

126.    Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**RIL – Indiana ("the thing speaks for itself")**[16]

127.    Plaintiff incorporates the paragraphs above.

---

[16] Gary Cmty. Sch. Corp. v. Lardydell, 8 N.E.3d 241, 247 (Ind. Ct. App. 2014).

128. Admissions of 2009-10 is the Defendants' regular business. Defendants have exclusive control of admissions.

129. The decision makers are in Defendant's exclusive control.

130. Defendants committed the said discriminatory act against plaintiff in 2009-2010.

131. As a proximate consequence of the defendant's said negligence or wantonness or recklessness because defendant(s) did not use proper care, the plaintiff was caused to suffer the following injuries and damages:

    a. Compensatory Damages

    b. Incidental Damages

    c. Mental pain and suffering

    d. Oppressive damages

    e. Humiliation

    f. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

132. Patel did not act carelessly.

133. Wherefore plaintiff demands judgment against defendant in the sum of $100,000,000 (one hundred million dollars) and costs.

### RIL – Georgia[17]

134. Plaintiff incorporates the paragraphs above.

135. The facts of discrimination and invalid 2009-10 admissions decisions are what can reasonably transpire or predict if Defendant disregard fairness and equality policies or do not properly monitor.

---

[17] Williams v. Am. Med. Sys., 548 S.E.2d 371, 374 (Ga. Ct. App. 2001).

136.   The principal basis for application of the rule of res ipsa loquitur is that the occurrence involved would not have occurred but for negligence, and this negligence may properly be charged to the person in exclusive control of the instrumentality.

137.   As a proximate consequence of the defendant's said negligence or wantonness or recklessness because defendant did not use proper care, the plaintiff was caused to suffer the following injuries and damages:

   a.   Compensatory Damages

   b.   Incidental Damages

   c.   Mental pain and suffering

   d.   Oppressive damages

   e.   Humiliation

   f.   panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

138.   Wherefore plaintiff demands judgment against defendant in the sum of $100,000,000 (one hundred million dollars) and costs.

**RIL – Delaware**[18]

139.   Plaintiff incorporates the paragraphs above.

140.   Admissions of 2009-10 is in the regular business of defendants.  Defendant is assumed to be in control, if not exclusive control, of the situation.

141.   Admissions processes in defendant's control, if not, exclusive control.

142.   The doctrine of res ipsa loquitur was established for plaintiffs who, through no fault of their own, are unable to prove their case except for the occurrence of the accident.

---

[18] Moore v. Anesthesia Servs., P.A., 966 A.2d 830, 840 (Del. Super. Ct. 2008)

143.    As a proximate consequence of the defendant's said negligence or wantonness or recklessness because defendant did not use proper care, the plaintiff was caused to suffer the following injuries and damages:

    a.  Compensatory Damages

    b.  Incidental Damages

    c.  Mental pain and suffering

    d.  Oppressive damages

    e.  Humiliation

    f.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

144.    Wherefore plaintiff demands judgment against defendant in the sum of $100,000,000 (one hundred million dollars) and costs.

**RIL – Indiana ("the thing speaks for itself")**[19]

145.    Plaintiff incorporates the paragraphs above.

146.    Admissions of 2014-15 is the Defendants' regular business. Defendants have exclusive control of admissions.

147.    The decision makers are in Defendant's exclusive control.

148.    Defendants committed the said discriminatory act against plaintiff in 2014-2015.

149.    As a proximate consequence of the defendant's said negligence or wantonness or recklessness because defendant(s) did not use proper care, the plaintiff was caused to suffer the following injuries and damages:

    a.  Compensatory Damages

---

[19] Gary Cmty. Sch. Corp. v. Lardydell, 8 N.E.3d 241, 247 (Ind. Ct. App. 2014).

    b.  Incidental Damages

    c.  Mental pain and suffering

    d.  Oppressive damages

    e.  Humiliation

    f.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

150.  Patel did not act carelessly.

151.  Wherefore plaintiff demands judgment against defendant in the sum of $100,000,000 (one hundred million dollars) and costs.

**RIL – Georgia**[20]

152.  Plaintiff incorporates the paragraphs above.

153.  The facts of discrimination and invalid 2014-15 admissions decisions are what can reasonably transpire or predict if Defendant disregard fairness and equality policies or do not properly monitor.

154.  The principal basis for application of the rule of res ipsa loquitur is that the occurrence involved would not have occurred but for negligence, and this negligence may properly be charged to the person in exclusive control of the instrumentality.

155.  As a proximate consequence of the defendant's said negligence or wantonness or recklessness because defendant did not use proper care, the plaintiff was caused to suffer the following injuries and damages:

    a.  Compensatory Damages

    b.  Incidental Damages

---

[20] <u>Williams v. Am. Med. Sys.</u>, 548 S.E.2d 371, 374 (Ga. Ct. App. 2001).

    c.  Mental pain and suffering

    d.  Oppressive damages

    e.  Humiliation

    f.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

156.    Wherefore plaintiff demands judgment against defendant in the sum of $100,000,000 (one hundred million dollars) and costs.

**RIL – Delaware**[21]

157.    Plaintiff incorporates the paragraphs above.

158.    Admissions of 2014-15 is in the regular business of defendants.  Defendant is assumed to be in control, if not exclusive control, of the situation.

159.    Admissions processes in defendant's control, if not, exclusive control.

160.    The doctrine of res ipsa loquitur was established for plaintiffs who, through no fault of their own, are unable to prove their case except for the occurrence of the accident.

161.    As a proximate consequence of the defendant's said negligence or wantonness or recklessness because defendant did not use proper care, the plaintiff was caused to suffer the following injuries and damages:

    a.  Compensatory Damages

    b.  Incidental Damages

    c.  Mental pain and suffering

    d.  Oppressive damages

    e.  Humiliation

---

[21] Moore v. Anesthesia Servs., P.A., 966 A.2d 830, 840 (Del. Super. Ct. 2008)

f. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

162. Wherefore plaintiff demands judgment against defendant in the sum of $100,000,000 (one hundred million dollars) and costs.

**Conspiracy #1**

163. Plaintiff incorporates the paragraphs above.

164. Each defendant together committed an intentional conspiracy against plaintiff Patel to deny him admissions into Harvard College as shown through the unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court.

165. Wherefore plaintiff demands judgment against defendant in the sum of $200,000,000 (two hundred million dollars) and costs.

**Conspiracy #2**

166. Plaintiff incorporates the paragraphs above.

167. Each defendant together committed an intentional conspiracy against plaintiff Patel to deny him admissions into Harvard Law School as shown through the unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court.

168. Wherefore plaintiff demands judgment against defendant in the sum of $200,000,000 (two hundred million dollars) and costs.

**Conspiracy #3**

169. Plaintiff incorporates the paragraphs above.

170.    Conspiracy #1 and Conspiracy #2 together. Each defendant together committed an intentional conspiracy against plaintiff Patel to deny him admissions into Harvard College and then Harvard Law School as shown through the unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court.

171.    Wherefore plaintiff demands judgment against defendant in the sum of $400,000,000 (four hundred million dollars) and costs.

**Conspiracy #4**[22]

172.    Plaintiff incorporates the paragraphs above.

173.    Each defendant together committed an intentional conspiracy against plaintiff Patel to deprive him of his presidential promise/contract as shown through the unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court and the deliberately indifferent, willfully blind, or negligent monitoring and oversight of admissions into Harvard College.

174.    Wherefore plaintiff demands judgment against defendant in the sum of $400,000,000 (four hundred million dollars) and costs.

**Conspiracy #5**[23]

175.    Plaintiff incorporates the paragraphs above.

176.    Each defendant together committed an intentional conspiracy against plaintiff Patel to deprive him of his presidential promise/contract as shown through the

---

[22] Thomas v. Town of Chelmsford, 267 F.Supp.3d 279, 314 (D. Mass. 2017). Echavarria v. Roach, 565 F.Supp.3d 51, 93 (D. Mass. 2021).
[23] Thomas v. Town of Chelmsford, 267 F.Supp.3d 279, 314 (D. Mass. 2017). Echavarria v. Roach, 565 F.Supp.3d 51, 93 (D. Mass. 2021).

unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court and the deliberately indifferent, willfully blind, or negligent monitoring and oversight of admissions into Harvard Law School.

177.    Wherefore plaintiff demands judgment against defendant in the sum of $400,000,000 (four hundred million dollars) and costs.

**Conspiracy #6**[24]

178.    Plaintiff incorporates the paragraphs above.

179.    Each defendant together committed an intentional conspiracy against plaintiff Patel to deprive him of his presidential promise/contract as shown through the unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court and the deliberately indifferent, willfully blind, or negligent monitoring and oversight of admissions into Harvard College and Harvard Law school.

180.    Wherefore plaintiff demands judgment against defendant in the sum of $400,000,000 (four hundred million dollars) and costs.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against defendant in the sum from the damages above in dollars and costs, to be calculated and categorized during and after trial, and the following types of damages.

181.    $11 billion dollars in aggregate damages.

182.    Compensatory Damages

---

[24] Thomas v. Town of Chelmsford, 267 F.Supp.3d 279, 314 (D. Mass. 2017).  Echavarria v. Roach, 565 F.Supp.3d 51, 93 (D. Mass. 2021).

183.    Actual Damages

184.    Incidental Damages

185.    Mental pain and suffering Damages

186.    Oppressive damages

187.    Expectation Damages

188.    Parasitic Damages

189.    Reliance Damages

190.    Restitution Damages

191.    IIED

192.    NEID

193.    Equitable Relief – order Defendant to issue an apology to Plaintiff. § 1651.

194.    This complaint does not cause *res judicata*.

195.    Any other relief that the court thinks is proper.

Respectfully submitted,

/s/ Raj Patel
Rama CCCX
T.E., T.E. Mr. Raj K. Patel, AA, BA (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
317-740-8001
rajp2010@gmail.com
www.rajpatel.live

T.E. Mr. President/Student Body President, Student Gov't Ass'n of Emory U., Inc.
     2013-2014 (corp. sovereign 2013-present)

T.E. Mr. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)

Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017

Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010

Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. 2014

J.D. Candidate, Notre Dame L. Sch. (2015-17)

Volunteer, Barack Obama for America (2008)

Intern, Jill Long Thompson for Governor (2008)

\* Political Science and Religion (*cum laude*) of Emory University 2014

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Pl.-Raj K. Patel's forgoing filing on 1/21/2024 to below individuals via the clerk of court under Fed. R. Civ. P. 77 after being approved for *IFP*:


**THE UNITED STATES**
**c/o Merrick Garland**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**c/o Joshua S. Levy**
John Joseph Moakley United States Federal Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Phone: 617-748-3100

**THE HARVARD CORPORATION**
**HARVARD UNIVERSITY**
**PRESIDENT AND FELLOWS OF HARVARD UNIVERSITY**
**HARVARD UNDERGRADUATE ADMISSIONS COMMITTEE**
**HARVARD LAW SCHOOL**
**HARVARD LAW SCHOOL ADMISSIONS COMMITTEE**
**c/o Alan Garber**
Office of the President
Harvard University
Massachusetts Hall
Cambridge, MA 02138
USA Tel:
(617) 495-1502
Fax: (617) 495-8550
president@harvard.edu

**c/o Diane E. Lopez, Vice President and General Counsel**
Richard A. and Susan F. Smith Campus Center, Suite 980
1350 Massachusetts Avenue
Cambridge, Massachusetts 02138-3834
Office: 617-496-3010
Fax: 617-496-6109

Respectfully submitted,


/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)

29

6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

Dated: January 21, 2024