UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RAJ K. PATEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. |
| v. ) | 24-10180-FDS |
| ) | |
| **UNITED STATES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**SAYLOR, C.J.**

Raj K. Patel, a resident of Zionsville, Indiana, initiated this action by filing several motions and a complaint against the United States of America and several components of Harvard University. He is proceeding *pro se*.

For the reasons stated below, plaintiff will be granted leave to proceed *in forma pauperis* and the matter will be dismissed for failure to state a claim. The motions for electronic notice and filing will be denied as moot.

## I. Background

The amended complaint identifies as defendants the United States, the Harvard Corporation, Harvard University, the President and Fellows of Harvard University, the Harvard Undergraduate Admissions Committee, Harvard Law School, and the Harvard Law School Admissions Committee. Am. Compl. at ¶ 5.

The amended complaint asserts 44 counts under federal law and the laws of a variety of different states. The principal claim is that defendants violated Title VI of the Civil Rights Act,

42 U.S.C. §§ 2000d, 2000bb, by using discriminatory admission policies. *Id.* at ¶¶ 6, 11. Plaintiff describes his race and national origin as Asian, South Asian, or East Indian, and alleges that he plans to run for President of the United States. *Id.* at ¶¶ 10(b), (d).

According to the amended complaint, in 2009, plaintiff sought admission to join the Harvard undergraduate class of 2014. *Id.* at ¶ 12(b). In 2014, he sought admission to join the Harvard Law School class of 2018. *Id.* at ¶ 12(c). The amended complaint notes that in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181 (2023), the United States Supreme Court held that Harvard "discriminated against Asian-American applicants." *Id.* at ¶ 14. Plaintiff contends that he "would have been admitted to Harvard University [College and Law School] without the illegal and unconstitutional discrimination found by the Supreme Court." *Id.* at ¶ 15.

The amended complaint also asserts several state-law claims, including breach of contract, fraud, invasion of privacy, and intentional infliction of emotional distress. *Id.* at ¶¶ 30-146. It alleges that the defendants intentionally conspired against him in order to deprive him of admission into Harvard College and Harvard Law School. *Id.* at ¶¶ 158-175. For relief, plaintiff seeks (among other things) $11 billion in damages and an apology. *Id.* at ¶¶ 196-202.

## II.     Motion for Leave to Proceed *In Forma Pauperis*

With his complaint, plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs, also referred to as a motion for leave to proceed *in forma pauperis*. After review of the application, the court concludes that plaintiff is without assets to pay the filing fee and will allow the motion.

## III.    Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee,

summonses do not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the complaint has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"In evaluating whether a complaint states a plausible claim, [the court performs a] 'two-step analysis.'" *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (quoting *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015)).  "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)).  Second, the court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

In conducting its review, the court must liberally construe the amended complaint because plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## IV.     Discussion

Here, even with a generous reading, the amended complaint does not survive screening under 28 U.S.C. § 1915(e)(2).  Title VI of the Civil Rights Act provides that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" that is federally funded.  42 U.S.C. § 2000d.  However, a claim under Title VI requires factual allegations sufficient to support a plausible claim that the defendants acted with discriminatory intent.  *See Doe v. Brown Univ.*, 43 F.4th 195, 208 (1st Cir. 2022).

Here, the allegations of the amended complaint are rife with deficiencies.  The allegations of discrimination are entirely conclusory; there are no facts sufficient to support a plausible claim that plaintiff was actually rejected by Harvard because of his race or national origin.  There are no remotely plausible claims against the United States.  Similarly, the amended complaint fails to plead plausible facts to support any of the state-law claims.  Furthermore, and at a minimum, the limitations period for most of his claims is three years, and six years as to the purported contract claims.  *See* Mass. Gen. Laws ch. 260, §§ 2, 2A, 5B.  The alleged injury should have been obvious to plaintiff, and sufficient to put him on inquiry notice, by 2009 or 2014 at the latest, but this lawsuit was not filed until 2024.

In light of the high degree of implausibility of his claims, and his apparently extensive experience with civil litigation, the Court sees no reason to give plaintiff an opportunity to file a second amended complaint to cure the many deficiencies.[1]  The action will accordingly be

---

[1] Plaintiff has been described as "a serial litigant who has filed a series of sprawling complaints in courts across the nation."  *Patel v United States*, No. 23cv21830 (EP)(MAH), 2023 WL 8447935, at *2 (D.N.J. Dec. 6, 2023) (citations and internal quotation marks omitted).

dismissed.

Plaintiff's motions for leave to file electronically *pro se* and for electronic notice will be denied as moot.

## VI. <u>Conclusion</u>

For the reasons set forth above,

1. Plaintiff's motion for leave to proceed *in forma pauperis* is ALLOWED.

2. This matter is DISMISSED for failure to state a claim upon which relief can be granted.

3. Plaintiff's motions for electronic notice and for leave to file electronically *pro se* are DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  April 24, 2024